# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDNA AUTRY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 09-3726 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                             OCTOBER, 27 2010

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response (Doc. No. 13), and plaintiff's reply (Doc. No. 14), the court makes the following findings and conclusions:

      1. On September 13, 2006, Edna Autry ("Autry") filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, alleging an onset date of October 13, 2000. (Tr. 84-89). Throughout the administrative process, including an administrative hearing held on June 2, 2008 before an ALJ, Autry's claims were denied. (Tr. 14-19; 27-50; 68-71). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Autry filed her complaint in this court on August 25, 2009. (Tr. 1-5; Doc. No. 3).

      2. In his August 20, 2008 decision, the ALJ concluded, *inter alia*, that: (1) Autry had severe left foot pain and obesity, and non-severe asthma and diabetes mellitus; (2) her impairments did not meet or equal a listing; (3) she had the RFC to perform sedentary work with a sit/stand option; (4) she could perform work existing in significant numbers in the national economy; and (5) Autry was not disabled. (Tr.14 ¶ 4; 16 Finding 2; 17 Findings 3 &4; 18 Finding 9; 19 ¶ 3 & Finding 10).[1]

      3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

4. Autry contends that the ALJ erred by failing to perform a borderline age analysis when considering, at step five of the sequential analysis, whether she was capable of performing other work. I agree and, thus, a remand is required. In determining whether Autry could successfully adjust to work, the ALJ considered her RFC, age category, education, and work experience and ostensibly compared these factors to the medical-vocational guidelines, or grids. (Tr. 18 ¶ 3). The ALJ then obviously concluded that with a sedentary RFC, an unskilled younger individual with limited education was not disabled under the grids. See (Tr. 18 Findings 6-9); 202 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.18. Because of this fact and because the ALJ also limited Autry's sedentary work base with a sit/stand option, the ALJ took testimony from a vocational expert who testified that an individual with those traits could adapt to various jobs. (Tr. 48).

Pursuant to 20 C.F.R. section 416.963(b), when the ALJ reviews the age categories,[2] he or she "will not apply [them] mechanically in a borderline situation." Id. If a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled", the ALJ will consider whether to use that next higher age category based on the presence of any additional vocational adversities. Id.; Hallex, II-5-3-2.

The Third Circuit has ruled twice on this issue and in both instances it has ruled that when a borderline age situation is present and the ALJ does not address section 416.963(b) (or its disability insurance benefits corollary, section 404.1563(b)) in his or her decision, a remand is necessary for further consideration. Kane v. Heckler, 776 F.2d 1130, 1133-34 (3d Cir. 1985); Lucas v. Barnhart, 184 Fed. Appx. 204, 206-08 (3d Cir. 2006).

Autry turned 50 years old (thus reaching the next age category) 56 days after the ALJ issued his decision. Autry was "within a few days to a few months of reaching an older age category." 20 C.F.R. § 416.963(b). See Kane, 776 F.2d at 1132-33 (finding that 48 days was "within a few months"); Lucas, 184 Fed. Appx. at 207 (finding that 106 days was "within a few months"). Second, pursuant to Rule 201.09 of 202 C.F.R. Part 404, Subpart P, Appendix 2, if Autry was moved into the next higher age category of "person closely approaching advanced age", she would be deemed disabled under the grids. It was legal error for the ALJ to fail to analyze the borderline age situation in his decision and a remand to address the issue is necessary. In light of the remand, I find it unnecessary address Autry's other two contentions.

5. I conclude that this case must be remanded to the ALJ in order for him to explicitly consider the borderline age issue.

An appropriate Order follows.

---

[2] The age categories are: (1) younger person, ages 18-49; (2) person closely approaching advanced age, ages 50-54; and (3) person of advanced age, age 60 or older. 20 C.F.R.§§ 416.963(c)-(e).